[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought this action to collect on two notes executed by the defendant. The plaintiff bought these notes from the FDIC, who acquired them from the Mechanics and Farmers Bank. The defendant raises five special defenses and asserts two counterclaims against the plaintiff. The first counterclaim alleges breach of contract based upon the FDIC's breaking of a lease. The second counterclaim alleges the Mechanics and Farmers Bank fraudulently induced the defendant into executing the notes by assuring him that it would be able to satisfy the twenty year lease.
The plaintiff filed a motion for summary judgment on the special defenses and counterclaims based upon the D'Oenche Duhme doctrine, as codified by 12 U.S.C. § 1283 (e). With respect to the special defenses, the plaintiff's motion is denied because summary judgment is not appropriate on special defenses. SeeBenjamin v. Nunes, Superior Court, judicial district of Waterbury, Docket No. 102738 (May 21, 1993, McDonald, J.,9 Conn. L. Rptr. 143), and cases cited therein.
With respect to the counterclaims, the plaintiff's motion is denied for two reasons. First, § 1823(e) bars the obligor from raising any special defenses against the FDIC based upon "oral or side agreements." The lease, upon which the defendant bases his counterclaims, is written. Furthermore, there is a question of fact concerning whether the lease is a "side agreement." The defendant argues that the lease, the notes and the mortgage all concern the same transaction and therefore should be considered as a single contract. CT Page 5496-AAAAA
The defendant, Mechanics and Farmers Bank, and a subsidiary of the bank, 114 State Street Corp., entered into a sale-leaseback agreement, wherein 114 State Street sold property to the defendant who leased it to the bank for a term of twenty years. To purchase the property, the defendant borrowed money from the bank and executed a mortgage on the property to secure the notes. In fact, the original lease was entered into by 114 State Street, as the lessor, and then assigned to the defendant. The promissory note, the mortgage deed, the lease and the assignment of the lease were all executed on the same day, July 28, 1988. They all concern the same piece of property, 276 Boston Avenue. The mortgage deed references the lease. Furthermore, the purchase and sale agreement, also dated on July 28, 1988, refers to the lease.
All of these documents demonstrate that the parties may have intended the sale and the lease of the property to be a single transaction. "[T]he determination of what the parties intended to encompass in their contractual commitments is a question of the intent of the parties, and an inference of fact." Bead Chain Manufacturing Co. v. Saxon Products. Inc.,183 Conn. 266, 274-75, 439 A.2d 314 (1981). "The intention of the parties in executing a contract is a question of fact."McClintock v. Rivard, 219 Conn. 417, 431, 593 A.2d 1375 (1991). Because there is a question of fact as to whether the lease was a side agreement or part of the entire transaction, the plaintiff's motion for summary judgment is denied.
Moreover, even if the lease is a side agreement, a question of fact exists as to whether the lease satisfies the requirements of § 1823(e). Section 1823(e) provides that a side agreement shall not be valid against the FDIC unless it: "(1) is in writing; (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time of its execution, an official record of the depository institution."
The lease was in writing. The lease was executed by the bank and the assignment of the lease was executed by the CT Page 5496-BBBBB defendant on the same day that the note and mortgage were executed. The notes from the bank's executive committee meeting of May 12, 1988 indicate that the sale and the lease negotiations were approved by the bank's executive committee. Finally, an affidavit from an employee of the FDIC states that the lease was included in the file maintained by the bank for the defendant's loan.
The evidence presented by the defendant demonstrates, at the very least, that a question of fact exists as to whether lease satisfies the requirements of § 1823(e). Therefore, the plaintiff's motion for summary judgment is denied.
BY THE COURT
LEVIN, J.